Fredric V. Shoemaker (ISB No. 1687)
Adam P. Boyd (ISB No. 9024)
GREENER BURKE SHOEMAKER P.A.
950 W. Bannock Street, Suite 950
Boise, Idaho 83702-6138
Telephone: (208) 319-2600
Facsimile: (208) 319-2601
Email: fshoemaker@greenerlaw.com
       aboyd@greenerlaw.com

Brett E. Lewis, Esq.
LEWIS & LIN LLC
45 Main Street, Suite 608
Brooklyn, New York 11201-8200
Telephone: (718) 243-9323
Facsimile: (718) 243-9326
Email: brett@ilawco.com
(pending admission pro hac vice)

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| RYON PARKER, an individual, and B.J. PARKER d/b/a/ SUNRISE GARAGE DOOR,<br><br>Plaintiffs,<br><br>vs.<br><br>BOISE GARAGE DOOR LLC, an Idaho Limited Liability Company, and JOHN WRIGHT, an individual,<br><br>Defendants. | Case No.<br><br>COMPLAINT |

COMES NOW Plaintiffs Byron J. Parker d/b/a/ Sunrise Garage Door (hereinafter "Sunrise") and Ryon Parker (hereinafter "Ryon") by and through their attorneys, Lewis & Lin LLC and Greener Burke Shoemaker P.A., for their Complaint, allege:

COMPLAINT - 1                                                                 (494045)

7, 2012) (the "Administrative Action"), conducted under the Uniform Domain Name Dispute Resolution Policy (the "UDRP").

3. Plaintiffs were served by WIPO with a copy of the decision ordering transfer of the Domain Name on October 16, 2012 (the "Decision Date").

## THE PARTIES

4. Plaintiff Ryon Parker is an individual, residing at 2017 N. Middleton Road, Nampa, ID.

5. Plaintiff Byron J. Parker ("B.J. Parker"), d/b/a/ Sunrise Garage Door, is an individual with a principal place of business at 5301 S. 10th Avenue, Caldwell, ID ("Sunrise").

6. Sunrise sells and installs commercial and residential garage doors for residents throughout the Treasure Valley, Boise, Nampa, and Caldwell.

7. Upon information and belief, Boise Door is an Idaho limited liability company with its principal place of business at 2372 E. State Street, Eagle, ID. Boise Door repairs, sells and installs garage doors in Boise, Eagle, Emmett, Star, Meridian, Nampa, and Caldwell.

8. John Wright, upon information and belief, is an individual residing at 396 N. Crestview Place, Eagle, ID, 83616-5278.

## FACTUAL BACKGROUND

### The Registration

9. Ryon Parker registered the domain name <boisegaragedoor.com> (the "Domain Name") in good faith, on March 30, 2009, after consulting with an IT expert who specialized in search engine optimization ("SEO"). A statement from this IT expert is attached hereto as **Exhibit A**.

## NATURE OF ACTION

This action seeks a declaratory judgment that Ryon Parker and Sunrise Garage Door are the rightful registered name holders or registrants of the domain name <boisegaragedoor.com> (hereinafter "the Domain Name"), and seeks to bar its transfer to Boise Garage Door LLC, an Idaho limited liability company ("Boise Door"). This action further seeks damages for intentional interference with prospective economic advantage against both Boise Door and its principal, John Wright (hereinafter "Defendant").

## JURISDICTION

1. Pursuant to 28 U.S.C. §§ 2201(a) and 2202, Plaintiffs seek a declaration and judgment regarding their rights and obligations in an actual controversy within this Court's jurisdiction between Plaintiffs and Boise Door concerning Plaintiffs' rights in and to the Domain Name. Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question, and 28 U.S.C. § 1338(a), giving this Court original and exclusive jurisdiction in a civil action arising under the trademark laws of the United States, as Defendant Boise Door alleges that Plaintiffs have infringed Defendant's trademark via registration and use of the Domain Name. The Court has supplemental jurisdiction over state law intentional interference with prospective economic advantage claims pursuant to 28 U.S.C. § 1367(a).

2. Boise Door consented to the jurisdiction of this Court in connection with the filing of an administrative complaint with the World Intellectual Property Organization ("WIPO"), in <u>Boise Garage Door LLC v. Sunrise Garage Door Co.</u>, Case No. D2012-1651 (WIPO, Oct.

10. Because the site also asked for a company name, Ryon listed his father's company, "Sunrise Garage Door." Ryon intended to use the Domain Name to help market his father's business, Sunrise Garage Door.

11. Ryon listed himself as the registered name holder of the Domain Name, as he considered himself to be the owner of the Domain Name – his father knew nothing about domain names, web sites, or the Internet.

12. Ryon Parker paid for the registration of the Domain Name, and has paid for renewals, as well. B.J. Parker was unaware that Ryon had registered the Domain Name until John Wright sent a cease and desist letter in July 2011. The only thing that B.J. Parker knew was that Ryon had created a Web site for Sunrise Garage.

13. At the time that he registered the Domain Name, Ryon Parker had never heard of Boise Garage Door. He did not register the Domain Name with the intent to sell it to Boise Garage Door, and never offered to sell the Domain Name to Boise Garage Door. His only interest in the Domain Name was for its value as a frequently searched keyword term.

14. Nor, did Ryon Parker intend to divert customers searching for Boise Door to the Web site located at www.boisegaragedoor.com (the "Garage Door site"). Indeed, he did not know that any such customers existed.

15. B.J. Parker knew Defendant as "Boise Door." He was unaware in 2009 that Defendant went by the name Boise Garage Door.

16. Ryon Parker registered the Domain Name on his own initiative, without B.J. Parker's or Sunrise Garage's knowledge. Ryon Parker was not, at the time, and is not now, an owner

or employee of Sunrise Garage. Ryon Parker does not now, and has never received a salary from Sunrise Garage Door, or been on Sunrise Garage Door's payroll.

17. The IT expert identified the most frequently used search terms for potential garage door customers in the local area; a combination of "garage door" and "Boise" was at the top of the list. The list also included "garage door," "Nampa garage door," and "Boise garage door repair."

18. Ryon's strategy, in consultation with the IT expert, was to register generic geo domains of local cities, which incorporated the term "garage door." Ryon forwarded these domain names to Sunrise Garage's main Web site, located at www.sunrisegaragedoor.com (the "Sunrise Garage Door Web site"). His intent was not to profit off of Defendant's alleged common law trademark, but off of generic direct navigation type-in traffic and search traffic. *See* **Exhibit A**.

19. Ryon later added several more geographical domain names ("geo domains"), incorporating the name of a local city and the generic term "garage door," including, <nampagaragedoor.com>, <eaglegaragedoor.net>, <meridiangaragedoor.com>, and <eagle-garagedoor.com>.

20. Ryon used the Domain Name in good faith in the manner in which it was intended – to drive generic keyword traffic to the Sunrise Garage Door Web site.

21. Although Sunrise Garage is not known as "Boise Garage Door," it is known as a Boise garage door merchant and repair service company.

### The Weak Mark

22. "Garage door" is a generic term. "Boise" is descriptive of the name of the capital city of Idaho.

23. Several garage door companies in and around Boise do business under some variation of Boise Garage Door, including Garage Door Store Boise, Inc., which, upon information and belief, has been in business for over 30 years, as well as Boise-GarageDoor.com and boisegaragedoor.net, two lead generation sites which have provided leads to a number of garage door companies in and around Boise.

24. A number of other garage door companies in and around Boise also use the phrases "Boise Garage Door," "Boise Garage Door Service," "Boise Garage Door Repair," and similar phrases in their Web site title tags to describe their services. Angie's List advertises the "Best Boise, ID Garage Door Repair Companies," Yellow Pages and Super Pages advertise "Boise Garage Door Repair" companies, while ServiceMagic promotes an offering for "Garage Doors Boise."

25. Boise Door does not own and cannot rightfully claim exclusive rights to use of the words Boise Garage Door, as used in a domain name in connection with the sale, repair and installation of garage doors, or otherwise.

26. As stated above, Boise Door filed a Complaint with WIPO on or about August 16, 2012. WIPO formally notified Ryon Parker of the Complaint, and proceedings commenced on August 17, 2012. Ryon Parker filed a Response on September 11, 2012, and a Decision was issued on October 7, 2012.

27. The Decision, which was served on the parties on October 16, 2012, ordered that the Domain Names be transferred to Boise Door. Under the UDRP, a losing party has ten (10) business days to stay an administrative transfer order by filing a Complaint in a Court located in the designated jurisdiction – in this case, the United States District Court for the District of Idaho.

28. Plaintiffs timely filed this action in the appropriate jurisdiction. Accordingly, the Domain Name may not be transferred, pending the resolution of this action.

### The Disparaging Comments

29. On or about October 5, Defendant attempted to file a Second Supplemental Filing with the WIPO Panel.

30. The Second Supplemental Filing accused Plaintiffs of registering and maintaining <boisegaragedoor.net>, as well as purchasing an associated advertisement for said website on Yahoo! Local, and a phone number to forward potential customers from these web sites to Sunrise Garage Door.

31. The Web site, the advertisement, and the forwarding phone number are owned by a non-disclosed third party lead-based marketing company.

32. Upon information or belief, Defendant has repeated these false allegations to potential customers and employees of the Plaintiffs' main distributor, alleging that Sunrise has attempted to steal business from Defendant for years.

33. Upon information or belief, on October 5, Defendant or his counsel left a negative review on the advertisement for <boisegaragedoor.net> on Yahoo! Local alleging that Boise Garage Door is stealing business from Boise Garage Door through "deceit". The review

went on to state "This tells you the character of the owner. Don't use these dishonest people". A screenshot of the review posted on the Domains By Proxy, LLC advertisement is attached hereto as **Exhibit B**.

34. The negative review was written shortly before the Second Supplemental Filing was sent to WIPO. The negative review was attached as an exhibit to the Filing.

35. On or around early January, 2012, Plaintiffs encountered Defendant at Amarr Garage Door, Sunrise Garage Door's main local distributor.

36. Amarr employees, as well as an associate of BJ, heard Defendant admit that he had spoken to "many" potential customers about Sunrise Garage Door and that Sunrise was "deceitful and fraudulent". Defendant then began to direct his slander towards employees of the distributor. A signed witness statement is attached hereto as **Exhibit C**.

37. Accordingly Plaintiffs have been forced to defend their reputation to local distributors and a number of potential customers in an effort to maintain their business and reputation.

## CLAIM I
(DECLARATORY RELIEF)

38. Plaintiffs reallege paragraphs 1 through 37 of this Complaint.

39. Ryon Parker rightfully registered the Domain Name in good faith, and with no knowledge of, or intent to sell it to, Boise Door. Ryon Parker had no intention of diverting any traffic from Boise Door's Web site, nor do customers searching for Boise Door find any references to Boise Door on the Garage Door Site.

40. At the time that Ryon Parker registered the Domain Name on March 30, 2009, Boise Door did not have a Web site or a federal trademark registration. Nor had Boise Door even filed a trademark application.

(494045)

41. Ryon Parker registered the Domain Name without the knowledge or approval of Sunrise Garage.

42. B.J. Parker, the owner of Sunrise Garage, referred to Defendant as Boise Door, and believed that Defendant's name was Boise Door. An email from July of 2011 evidencing belief by BJ in the name "Boise Door" is attached hereto as **Exhibit D**.

43. At the time that he registered the Domain Name, Ryon Parker was not an employee of Sunrise Garage and was not on its payroll. He registered the Domain Name with the intent to increase generic keyword traffic to the Sunrise Garage Door Web site.

44. In registering the Domain Name, Ryon Parker provided accurate contact information.

45. "Boise Garage Door" is a common descriptive term. "Boise Garage Door" and slight variations thereof are used by a number of garage door companies in and around Boise, ID, either as part of the name of their business or to describe their business.

46. Prior to the commencement of the Administrative Action, Ryon Parker used the Domain Name as a geographic identifier in connection with his father's local garage door business.

47. Use of a domain name for its descriptive meaning has been widely recognized as a bona fide use for geographically descriptive domain names.

48. Ryon later added several more geo domains incorporating the name of a local city and the generic term "garage door," including, <nampagaragedoor.com>, <meridiangaragedoor.com>, and <eagle-garagedoor.com>.

49. Ryon Parker believed and had reasonable grounds to believe that the registration and use of the Domain Name to market his father's business as a keyword geo domain was lawful.

COMPLAINT - 9

50. Boise Door filed the Administrative Action, contending that Sunrise Garage registered and used the Domain Name in bad faith.

51. The Policy provides that administrative panel decisions may be stayed, and that subject domain name disputes may be resolved in a court of competent jurisdiction. The courts have held that such review is to be made *de novo*.

52. A justiciable controversy exists between registered name holders, Ryon Parker and Sunrise Garage, on the one hand, and Boise Door, on the other.

53. To resolve this actual controversy, Plaintiffs seek a declaration and judgment that their registration and use of the Domain Name is a good faith use, and a cancellation of the transfer order of the panel in the Administrative Action.

## **CLAIM II**

(Intentional Interference With Prospective Economic Advantage)

54. Sunrise hereby incorporates the allegations set forth in paragraphs 1-53, inclusive above as if fully set forth herein.

55. Sunrise had a prospective economic expectancy to sell garage door services to customers and to work with their distributor free of slander and disparagement.

56. Defendant had knowledge or notice that customers or distributors would be less likely to use Sunrise Garage Door if they felt that Sunrise was a dishonest company.

57. The Defendant wrongfully, intentionally and maliciously interfered with Sunrise's ability to market and sell its services by attempting to divert customers through negative online reviews slandering Sunrise and attempting to disrupt their business relations by disparaging Sunrise to its main distributor, their employees, and potential customers.

58. Defendant's sole motivation behind disparaging Sunrise was to harm, damage, embarrass, and divert the business of Sunrise.

59. As a direct and proximate result of Defendant's actions, Sunrise has been damaged in an amount to be proven at trial.

## ATTORNEYS' FEES

Plaintiffs have been forced to retain the services of Greener Burke Shoemaker P.A. and Lewis & Lin LLC to handle this matter, and are therefore entitled to an award of cost and attorney fees incurred in pursuit of Plaintiff's allegations, pursuant to Idaho Code § 12-120 and 12-121, FRCP 54(d), and any other applicable law, regulation, or relevant authority.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

a. A declaration that Ryon is the rightful registrant of the Domain Name, and a cancellation of the transfer order in the Administrative Action;

b. An award of compensatory and punitive damages in an amount to be determined at trial;

c. An award of attorney fees pursuant to I.C. § 12-120 – 12-121, FRCP 54(d); and

d. Granting such other and further relief as the Court may deem just and proper.

DATED this 26th day of October, 2012.

GREENER BURKE SHOEMAKER P.A.

By: _____
Fredric V. Shoemaker
Adam P. Boyd
Attorneys for Plaintiffs